**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joseph R. Dawson, Jr., Appellant,

v.

Heather Pounds, Individually, as Agent Under Power of Attorney, and as Personal Representative of the Estate of Jane Rollins Dawson, Respondent.

Appellate Case No. 2024-001801

Appeal From Lexington County
Walton J. McLeod, IV, Circuit Court Judge

Unpublished Opinion No. 2026-UP-089
Submitted January 2, 2026 – Filed February 25, 2026

**AFFIRMED**

Gregory E. Parker, Jr., of Parker Law, LLC, and Adam Sinclair Ruffin, of Ruffin Law Firm, LLC, both of Columbia, for Appellant.

Shelby K. Leonardi, of Polales Horton & Leonardi, LLP, of Columbia, for Respondent.

**PER CURIAM:** Joseph R. Dawson, Jr., appeals the circuit court's order upholding the validity of the Last Will and Testament (the Will) of Jane Rollins

Dawson (Decedent). On appeal, Dawson argues the circuit court erred in (1) upholding the validity of the Will, which he contends was improperly executed, and (2) finding that neither the Will nor Decedent's act of adding Heather Pounds as a joint owner of Decedent's bank accounts was the result of undue influence. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the circuit court did not err in upholding the validity of the Will because even if the contested witness's signature did not comply with statutory requirements, the notary satisfied the conditions of a second witness by observing Decedent's execution of the Will and thereafter signing it. *See Hairston v. McMillan*, 387 S.C. 439, 445, 692 S.E.2d 549, 552 (Ct. App. 2010) ("An action to contest a will is an action at law, and in such cases reviewing courts will not disturb the probate court's findings of fact unless a review of the record discloses no evidence to support them."). Dawson concedes the notary could serve as the second witness but contends the notary did not sign the Will but rather a wholly separate affidavit; however, we hold this page, which mirrored the language of section 62-2-503 of the South Carolina Code (2022), which governs the self-proving of a will by the incorporation of an affidavit, was included as part of the Will because Decedent and the witnesses also signed this page, it referred to executing "this instrument" as Decedent's will on numerous occasions, the Will did not contain page numbers, and the affidavit was incorporated as a part of the document. *See* S.C. Code Ann. § 62-2-502(1)-(3) (2022) ("[E]very will shall be: (1) in writing; (2) signed by the testator or signed in the testator's name by some other individual in the testator's presence and by the testator's direction; and (3) signed by at least two individuals each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will."); *Smith v. Lawton*, 435 S.C. 179, 188, 865 S.E.2d 782, 786 (Ct. App. 2021) ("A self-proved will *incorporates an affidavit* signed by the testator, the witnesses, and a notary *into the will*, declaring due execution of the will, testator's testamentary capacity, and that there was no undue influence upon the testator." (emphases added)).

2. We hold the circuit court did not err in finding neither the Will nor the addition of Pounds as a joint owner of Decedent's bank account was the product of undue influence. *See Hairston*, 387 S.C. at 445, 692 S.E.2d at 552 ("An action to contest a will is an action at law, and in such cases reviewing courts will not disturb the probate court's findings of fact unless a review of the record discloses no evidence to support them."). Although there was a presumption of undue influence as Pounds possessed power of attorney over Decedent, Pounds successfully rebutted this presumption and Dawson, possessing the ultimate burden of proof, failed to show Pounds exerted influence that amounted to force or coercion that destroyed

Decedent's free agency.  *See* S.C. Code Ann. § 62-3-407 (2022) ("Contestants of a will have the burden of establishing undue influence, fraud, duress, mistake, revocation, or lack of testamentary intent or capacity."); *Gunnells v. Harkness*, 431 S.C. 116, 123, 847 S.E.2d 97, 100 (Ct. App. 2020) ("The existence of a fiduciary relationship between the influencer and the testatrix creates a rebuttable presumption of undue influence."); *Howard v. Nasser*, 364 S.C. 279, 288, 613 S.E.2d 64, 68-69 (Ct. App. 2005) ("[A]lthough the proponents of the will must present evidence in rebuttal, they do not have to affirmatively disprove the existence of undue influence.  Instead, the contestants of the will still retain the ultimate burden of proof to invalidate the will."); *Wilson v. Dallas*, 403 S.C. 411, 437, 743 S.E.2d 746, 760 (2013) ("The influence necessary to void a will must amount to force and coercion."); *In re Est. of Cumbee*, 333 S.C. 664, 671, 511 S.E.2d 390, 394 (Ct. App. 1999) ("In order to void a will on the ground of undue influence, the undue influence must destroy free agency and prevent the maker's exercise of judgment and free choice."); *Swiger ex rel. DeHaven v. Smith*, 426 S.C. 408, 417, 827 S.E.2d 200, 204 (Ct. App. 2019) ("If the testator had the testamentary capacity to dispose of his property and was free and unrestrained in his volition at the time of making the will, the influence that may have inspired it or some provision of it will not be undue influence." (quoting *Howard*, 364 S.C. at 289, 613 S.E.2d at 69)).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.